NO. 12-07-00191-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
MICHAEL WAYNE HODGES,                        §                 APPEAL FROM THE 241ST
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Michael Wayne Hodges appeals his conviction for burglary of a habitation with intent to
commit assault, a first degree felony. In three issues, Appellant contends that the evidence was 
legally and factually insufficient to support the jury’s verdict and that the trial court erred in
assessing a fine against him. We reform the judgment by omitting the fine assessed against
Appellant and, as reformed, affirm the judgment of the trial court.
 
Background
            Appellant and his girlfriend, Ella Mae “Mikki” Kerns, lived on the Stolz Ranch. Sabrina Hsu
also lived on the Stolz Ranch in a different house. While the source of disagreement may be in
dispute, it is beyond dispute that Appellant and Hsu did not get along. Early on the morning of 
April 20, 2006, Hsu was awakened by Appellant’s music being played loudly from his vehicle. A
short time later, Appellant, who Hsu stated had been drinking for two days, used his speaker system
to curse at Hsu. Appellant and Kerns then began driving Appellant’s garden tractor up and down
an access road near Hsu’s house.
            Later in the morning, Hsu saw Appellant and Kerns approaching her house. There are two
distinct versions of what happened next. According to Hsu, she told Appellant not to come in her
house. Appellant and Kerns entered the house despite her orders. Hsu retreated to her bedroom, but
Appellant and Kerns followed her. Afraid that Appellant would attempt to physically injure her, 
Hsu jumped over her bed, ran out of her bedroom, and then ran out of her house. Kerns caught up
with Hsu near Hsu’s car and called her name causing Hsu to stop. When Appellant arrived, he
cursed at Hsu and assaulted her. Hsu defended herself and eventually escaped Appellant’s attack.
            According to Kerns, Appellant and Kerns entered Hsu’s house after yelling and knocking
“like we always do.” Hsu then ran out of the house, and Appellant and Kerns followed her. Walking
at a normal rate, Appellant and Kerns caught up with Hsu. At that point, Hsu approached them and
began hitting Appellant. According to Kerns, Appellant attempted to defend himself by holding Hsu
back. Once Kerns reminded everyone that they were all friends, the fighting stopped.
            The Smith County Sheriff’s Department investigated the disturbance and believed Hsu’s
version of the incident. Appellant was indicted for burglary of a habitation with intent to commit
aggravated assault. Appellant pleaded “not guilty,” and the case proceeded to trial. The jury found
Appellant guilty of the lesser included offense of burglary of a habitation with intent to commit
assault.


 During the punishment phase of the trial, the jury found two separate felony enhancement
paragraphs to be “true.” The jury assessed Appellant’s punishment at life imprisonment and a fine
of $10,000. This appeal followed.
 
Sufficiency of the Evidence
            In his first and second issues, Appellant contends that the evidence was legally and factually
insufficient to support his conviction. Specifically, Appellant argues there is no evidence that he
entered Hsu’s house with the intent to assault her.
Standard of Review
            Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. Jackson v. Virginia, 443 U.S. 307, 315-16,
99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.–San
Antonio 1999, pet. ref’d). The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Johnson v. State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993). The evidence is examined in the light most favorable to the jury’s verdict. 
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186. A successful legal
sufficiency challenge will result in rendition of an acquittal by the reviewing court. See Tibbs v.
Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). 
            In reviewing factual sufficiency, we consider all the evidence weighed by the jury that tends
to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to
disprove that fact. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although we
are authorized to disagree with the jury’s determination, even if probative evidence exists that
supports the verdict, our evaluation should not substantially intrude upon the jury’s role as the sole
judge of the weight and credibility of witness testimony. Id.; see Clewis v. State, 922 S.W.2d 126,
133 (Tex. Crim. App. 1996). Where there is conflicting evidence, the jury’s verdict on such matters
is generally regarded as conclusive. Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.–El Paso
1996, pet. ref’d). Ultimately, we must ask whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).
A verdict will be set aside “only if the evidence supporting guilt is so obviously weak, or the contrary
evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction clearly
wrong and manifestly unjust.” Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); see also
Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006); Sims v. State, 99 S.W.3d 600, 601
(Tex. Crim. App. 2003).
            Under either the legal sufficiency or factual sufficiency standard, our role is that of appellate
review, and the fact finder is the sole judge of the weight and credibility of a witness’s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000). The fact finder may choose to
believe all, some, or none of a witness’s testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986). The sufficiency of the evidence is measured against the elements of the offense
as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997). Such a charge would include one that “accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State’s burden of proof or unnecessarily restrict the
State’s theories of liability, and adequately describes the particular offense for which the defendant
was tried.” Id.
            A person commits an offense if, without the effective consent of the owner, he enters a
habitation with the intent to commit a felony, theft, or an assault. Tex. Penal Code Ann. § 30.02(a)
(Vernon 2003). Intent is generally proven by circumstantial evidence. Dillon v. State, 574 S.W.2d
92, 94 (Tex. Crim. App. 1978). While proof of intent cannot rely simply on speculation and surmise,
the factfinder may consider the defendant’s conduct and surrounding circumstances and events in
deciding the issue of intent. McGee v. State, 923 S.W.2d 605, 608 (Tex. App.–Houston [1st Dist.]
1995, no pet.).
Legal Sufficiency
            With respect to his legal sufficiency argument, Appellant argues that there was no evidence
that Appellant intended to assault Hsu when he entered the habitation. Appellant argues that “[t]he
intent [to assault Hsu], if it existed at all, did not occur until Appellant had left Hsu’s home and
encountered her on the driveway behind her car.”
            Viewing the evidence in the light most favorable to the jury’s verdict, the jury could have
reasonably determined that Appellant entered Hsu’s habitation without her consent and with the
intent to assault Hsu. According to Hsu, she was convinced that Appellant intended to assault her
when Appellant entered her habitation. Hsu attempted to hide in her bedroom, and when confronted
by Appellant, she jumped over her bed and ran out of the house in an attempt to escape a possible 
assault. Further, according to Hsu, Appellant assaulted her immediately outside of her home. Hsu’s
testimony presented evidence of all the elements of burglary of a habitation, including ample
circumstantial evidence of Appellant’s intent. Therefore, the evidence was legally sufficient to
support the jury’s verdict.
Factual Sufficiency
            With respect to his factual sufficiency argument, Appellant argues that there was factually
insufficient evidence that Appellant intended to assault Hsu when he entered the habitation and
insufficient evidence that Appellant initiated the assault. A review of all of the evidence without the
light most favorable to the verdict reveals some evidence that is contrary to the verdict. Specifically,
Kerns testified that Hsu assaulted Appellant. Also, the evidence shows that Hsu had allowed
Appellant in her house in the past, and, on this date, Hsu’s back door was unlocked.
            Nonetheless, we must consider this evidence in the context of the record as a whole. The
jury was presented with two completely different versions of this incident. While Kerns testified that
Appellant was assaulted by Hsu, the jury was free to disbelieve her testimony. Similarly, the jury
was free to believe the testimony of Hsu that Appellant entered her home after she asked him not to
do so, that he intended to assault Hsu in her habitation, that she was initially able to escape, and that
Appellant assaulted her outside her habitation.
             Generally, it is for the jury to determine the weight to be afforded the testimony of a witness
and to resolve any conflicts in the evidence. See Wesbrook, 29 S.W.3d at 111; see also Watson, 204
S.W.3d at 409 (noting that articles 36.18 and 38.04 of the Texas Code of Criminal Procedure are
often cited for the proposition that jury verdicts should not ordinarily be disturbed when supported
by competent evidence, but that criminal appellate courts in Texas have never interpreted them to
wholly prohibit the limited factual review that is otherwise inherent in their appellate jurisdiction). 
The issues raised by Appellant are not so troubling as to cause us to conclude that the great weight
and preponderance of the evidence contradicts the jury’s verdict or that the guilty verdict is “clearly
wrong” or “manifestly unjust.” See Watson, 204 S.W.3d at 417. The testimony of Hsu could have
been believed, and the testimony of Kerns could have been disbelieved.
            Our review of the record as a whole, with consideration given to all of the evidence both for
and against the jury’s finding, has not caused us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render Appellant’s conviction
clearly wrong or manifestly unjust. See Ortiz, 93 S.W.3d at 87. Therefore, we hold that the evidence
is factually sufficient to support the jury’s verdict.
            Appellant’s first and second issues are overruled.
 
 
 
Fine    In his third issue,


 Appellant contends that the trial court erred in assessing a fine against him.
Because the jury found both enhancement paragraphs to be “true,” Appellant correctly argues that
his punishment is governed by section 12.42(d) of the Texas Penal Code. Tex. Penal Code Ann.
§ 12.42(d) (Vernon 2003). That subsection of the statute provides that if a defendant has previously
been convicted of two felony offenses, and the second previous felony conviction is for an offense
that occurred subsequent to the first previous conviction having become final, on conviction he shall
be punished by imprisonment for life, or for any term of not more than ninety-nine years or less than
twenty-five years. Id. However, this subsection does not provide for a fine. Id. Thus, the portion
of the trial court’s judgment in which Appellant was assessed a fine was not authorized by law. See
id.; Ex parte Johnson, 697 S.W.2d 605, 607 (Tex. Crim. App. 1985). We sustain Appellant’s third
issue.
 
Conclusion
            When the jury assesses a punishment in a case and assesses both punishment that is 
authorized by law and that is not authorized by law for the offense, the trial court must reform the
verdict to show the punishment authorized by law and omit the punishment not authorized by law. 
Tex. Code Crim. Proc. Ann. art. 37.10(b) (Vernon 2006). If the trial court fails to do so, the
appellate court must reform the verdict. Id. Here, the trial court did not reform the verdict. 
Therefore, we reform the trial court’s judgment and omit the assessment of a fine against Appellant.
See id. Appellant’s sentence of life imprisonment remains in effect. See id. The judgment of the
trial court, as reformed, is affirmed.
 
                                                                                                    BRIAN HOYLE 
                                                                                                               Justice
Opinion delivered May 7, 2008.
Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.
(DO NOT PUBLISH)